## LONG v CRAWFORD FINANCE CO. et

Common Pleas Court, Hancock Co.

No. 26358. Decided Aug. 28, 1940.

A. G. and R. E. Fuller, Findlay, for plaintiff.

E. V. and J. A. Bope, Findlay, and Strelitz & Dowler, Marion, for defendant.

## OPINION

By PENDLETON, J.

This is an action in damages for the equitable conversion by the other defendants of an automobile owned by the defendant Van Tassel. Upon the trial of the case Crawford Finance, Inc., with the consent of all parties, was substituted for the defendant The Crawford Finance Company, and one Robert Spearman was included as a co-plaintiff in the action, and the trial proceeded immediately.

On July 6, 1939, Van Tassel was involved in an automobile accident, and his automobile was removed to plaintiff's garage for necessary repairs, which amounted to $143.41. Apparently this was without the consent of the Crawford Finance, Inc., which held a valid chattel mortgage on said automobile.

Not being able to collect from the owner for the repairs plaintiffs retained the automobile in their possession until November 16, 1939, at which time the defendant, VanVoorhis, acting for his employer, Crawford Finance, Inc., secured possession of said automobile from plaintiffs under circumstances which the court, upon the hearing, found amounted to misrepresentation and fraud.

Having so repossessed the automobile the Crawford Finance, Inc., proceeded to sell the same at private sale, and wthout notice, to a purchaser who is not a party to these proceedings. The proceeds of the sale were applied upon the mortgage held by Crawford Finance, Inc., which mortgage was substanially liquidated. However, nothing was left for the plaintiffs.

Thereupon the plaintiffs bring· this action for conversion and seek to recover of defendants the repair bill on the automobile in the sum of $143.41, together with storage, in the sum of $20 for the four months the machine was in plaintiffs' garage.

Crawford Finance, Inc., the real defendant in this case depends upon the right, allegedly conferred by its chattel mortgage contract, to repossess the automobile, without process of law, and to dispose of the same at any time thereafter, at public or private sale, without making demand for payment and without giving notice of the time and place of sale. Such are the provisions of the written chattel mortgage contract as between Crawford Finance, Inc. and J. S. VanTassel.

Based upon these provisions the right of the mortgagee to repossess by lawful means without legal process has been upheld, and the mortgagee's right to secure possession by replevin, even as against secondary lien holders, is unquestioned. **Cleveland Auto Top Co. v American Finance Co., 124 Oh St 169.** In the business usage of the finance company's operations an affidavit of repossession is deemed to be a satisfactory substitute for a bill of sale showing title in the mortgagee, and in delivering title to a purchaser a chain of title depending upon such affidavit is considered complete.

But whatever may be the rights of the respective parties under the chattel mortgage, the plaintiff in this case is not a party to the chattel mortgage in question and is an intervening lien holder. Under the facts as they exist, and the court decisions applicable, the plaintiff was in possession and until the time of the alleged repossession was an inferior or junior lien holder, so far as priority was concerned.

In deciding the issues in this case it is not necessary for the court to determine what rights, if any, might be asserted by a junior lien holder, not a party to the chattel mortgage against a mortgagee, rightfully in possession, and who under the terms of his chattel mortgage has sold the property in question at private sale and. without notice. The court may only suggest that the mortgagee's rights in the premises, to repossess, or if necessary to replevin, are possessory rights only, and do not of themselves divest the equities of other lien holders. In this connection reference is made to **25 O. Jur. 397, §57,** and the reasoning therein set forth, and inferred.

In this case, however, the court has already made a finding from the evi-

dence that the junior lien holder was rightfully in possession of the automobile, and by misrepresentation and fraud of the mortgagee was induced to part with possession. Such being the facts the so-called repossession of the mortgagee becomes a wrongful, rather than a rightful or legal possession, as against the rights of the aggrieved junior lien holder.

This is an equity case, and a decision necessitates the weighing of equities as between parties. In this consideration there is no doubt but that the defendant, Crawford Finance, Inc., was originally in a stronger position than the plaintiff. Had it pursued its remedies in an orderly and legal manner, and used the remedies that the law affords, it could have maintained the strength of its position.

But when Crawford Finance, Inc. temporarily abandoned the strength of its position, invested itself with a wrongful possession of the automobile, and by virtue of its wrongful possession sold the automobile at private sale and without notice, giving the junior lien holder no opportunity to defend its position, such act amounts to a wrongful conversion of the property, for which plaintiff is entitled to recover.

Such being the views of the court the finding and judgment of the court is in favor of plaintiffs and against the defendant Crawford Finance, Inc. in the sum of $163.41 with interest from November 16, 1939. Exceptions saved. Appeal bond fixed at $200.